### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

CORY SIMPSON, et al.,

                Plaintiff,

v.                                              CIVIL ACTION NO. 2:10-cv-01011

WCHS/EYEWITNESS NEWS,

                Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's Appeal of the Magistrate Judge's Order Denying the Plaintiff's Motion to Proceed Without Prepayment of Costs [Docket 8]. The plaintiff's Appeal is **DENIED**.

**I.     Background**

The plaintiff, Cory Simpson, currently an inmate at the South Central Regional Jail, filed the present case against WCHS/Eyewitness News, along with five other cases in 2010. The plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs in three of the six cases. By standing order, all of these civil actions were assigned to Magistrate Judge Mary Stanley for submission of proposed findings and recommendations for dispensation pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Stanley reviewed these civil actions and Applications to Proceed Without Prepayment of Costs pursuant to the screening provisions of 28 U.S.C. § 1915A. On August 31, 2010, Magistrate Judge Stanley issued an Order addressing each of the plaintiff's six pending cases wherein she denied the plaintiff's Applications to proceed without costs and ordered

the plaintiff to pay the $350 filing fee for each case that he wished to pursue by September 30, 2010. The plaintiff then filed a Notice of Appeal of that Order, dated September 2, 2010, with the United States Court of Appeals for the Fourth Circuit. On September 9, 2010, the Fourth Circuit forwarded the plaintiff's appeal to this court for disposition. Currently, Chief Judge Joseph Goodwin presides over three of the plaintiff's cases (Case Numbers 2:10-cv-580, 2:10-cv-1011, and 2:10-cv-1047) and Judge John Copenhaver presides over the plaintiff's other three cases (Case Numbers 2:10-cv-953, 2:10-cv-958, and 2:10-cv-1044).

## II.   Standard

Federal Rule of Civil Procedure 72(a) governs appeals from rulings of a magistrate judge on nondispositive matters and provides as follows:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is *clearly erroneous or is contrary to law*.

Fed. R. Civ. P. 72(a) (emphasis added).

The Fourth Circuit has held that, under the clearly erroneous standard, "findings of fact will be affirmed unless our review of the entire record leaves us with the definite and firm conviction that a mistake has been committed." *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Attard Indus., Inc. v. U.S. Fire Ins. Co.,* No. 10-121, 2010 WL 3069799, at * 1 (E.D. Va. Aug. 3, 2010) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y.2006)).

## III. Discussion

In her order, Magistrate Judge Stanley denied the plaintiff's Application to Proceed Without Prepayment of Costs pursuant to 28 U.S.C. § 1915(g) because the plaintiff has already filed at least three prior actions which were dismissed as frivolous, malicious, or for failure to state a claim and the plaintiff has not "stated any facts indicating that he is under imminent danger of serious physical injury." (Magistrate Judge's Order at 5-6.) 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Magistrate Judge Stanley discussed the plaintiff's extensive litigation history in the Southern District of West Virginia and specifically noted that the plaintiff had exceeded three "strikes" for the purposes of 28 U.S.C. § 1915(g). Magistrate Judge Stanley directed the plaintiff to pay the $350 filing fee for every case in which he wished to proceed by September 30, 2010 and further recommended that this court dismiss each action in which the plaintiff did not timely pay the $350 filing fee.

The plaintiff objects to Magistrate Judge Stanley's decision, asserting that he had "specific grounds" for pursuing the three cases that the Magistrate Judge Stanley construed as his first, second, and third strikes under 28 U.S.C. § 1915(g). The plaintiff further asserts that because he was not informed of "the meaning of immunity by the district court," he should "not be accountable" for failing to state a claim.[1] (Pl.'s Appeal at 2-3.)

---

[1] The plaintiff does not assert any facts indicating that the plaintiff is under imminent danger
(continued...)

Magistrate Judge Stanley's Order clearly sets out three prior cases which, pursuant to 28 U.S.C. § 1915(g), bar the plaintiff from proceeding without costs in the present action absent a showing of imminent danger of serious physical injury. The plaintiff's "first strike" was Judge Faber's dismissal on April 9, 2009, for failing to state a claim on which relief could be granted against sitting Judge Charles E. King, Jr., of the Kanawha County Circuit Court. *Simpson v. King*, No. 09-0061, 2009 WL 973094 (S.D. W. Va. April 9, 2009). The plaintiff's "second strike" was Judge Copenhaver's dismissal on March 19, 2009, for failing to state a claim on which relief could be granted against Magistrate Traci Strickland. *Simpson v. Strickland*, No. 09-0062, 2009 WL 773249 (S.D. W. Va. March 19, 2009). The plaintiff's "third strike" was Judge Goodwin's dismissal on April 7, 2009 for failure to state a claim against Magistrate Jack Pauley. *Simpson v. Pauley*, No. 09-0063 (S.D. W. Va. April 7, 2009). The record clearly indicates that all three of these cases were dismissed with prejudice for failing to state a claim against an officer of the court with absolute judicial immunity. Therefore, the provisions of 28 U.S.C. § 1915(g) prevent the plaintiff from bringing any further actions in forma pauperis under 28 U.S.C. § 1915.

**IV. Conclusion**

Having reviewed the record, this court **FINDS** that Magistrate Judge Stanley's Order is not clearly erroneous or contrary to law. Accordingly, this court **DENIES** the plaintiff's Appeal. Plaintiff is hereby **ORDERED** to pay the $350 filing fee, in full, for each case in which he wishes to pursue by November 20, 2010. This court will dismiss any case as to which the complete filing

---

[1](...continued)
of serious physical injury. The plaintiff did not object to this portion of Magistrate Judge Stanley's Order in his appeal or assert any additional facts that would support such a finding.

fee is not received by that date.  The court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Stanley, counsel of record, and any unrepresented party.

      ENTER:     October 21, 2010

Joseph R. Goodwin, Chief Judge